## E. L. Diefenderfer, Plff. in Err., v. Honora Caffrey.

After the death of a tenant named in a written lease, the lessor instituted, before a justice of the peace, a summary proceeding under the landlord and tenant act of 1863, to recover possession of the premises, against the administratrix of the deceased tenant, who was also his widow. On the trial of the case on appeal, the defendant was permitted to introduce

evidence tending to show that she was not in possession as administratrix or as widow of the deceased tenant or under his lease, but was in possession in her own right under a third party who has a bona fide claim of title (although not an actual, valid, and unimpeachable title) to the premises. A judgment in favor of the defendant, based upon such evidence, was affirmed.

(Argued April 13, 1888. Decided May 14, 1888.)

January Term, 1887, No. 154, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Luzerne County to review a judgment in favor of defendant on defendant's appeal in a summary proceeding under the landlord and tenant act of 1863, instituted before a justice of the peace, November term, 1883, No. 25. Affirmed.

On June 29, 1882, Dr. E. L. Diefenderfer purchased, by written articles of agreement, from John C. Wells, a house and lot in Ashley, Luzerne county. The premises were at the time occupied by Owen Caffrey and his wife. On the same day Diefenderfer and Caffrey entered into a written agreement, which recited the fact of Diefenderfer's purchase of the property, and provided that Caffrey might occupy it as a tenant, under a lease to be made, at a certain rental, with the right on his part to purchase the property from Diefenderfer at any time within five years, on paying the latter what it had cost him, with the expenses of improvements added, except a narrow strip which Diefenderfer reserved. Thereupon Diefenderfer executed a lease of the premises to Caffrey for the term of nine months from July 1, 1882.

Caffrey and wife continued to live on the premises, and Caffrey paid Diefenderfer the monthly rent provided for in the lease, for four months, and soon after died. Mrs. Caffrey continued in possession, and Diefenderfer called upon her to either pay rent or vacate. She declined to do either. Thereupon Diefenderfer cited her to take out letters of administration upon her husband's estate, which she did, and then Diefenderfer commenced a summary proceeding under the act of 1863, against her as administratrix, before a justice of the peace. The justice rendered judgment for the plaintiff, followed by a writ of possession, under which delivery of possession was made.

The defendant thereupon appealed the case to the common pleas. On the trial there the plaintiff proved his contract for the purchase of the premises, his agreement with and lease to Caffrey (which contained a waiver of notice to quit), the occupation of the premises by defendant (the granting of letters of administration to whom was admitted) after the expiration of the lease. In rebuttal, the defendant set up and, over plaintiff's objection, gave evidence tending to prove a right of possession in herself, independent of that of her husband, under her stepson, Thomas Caffrey, who, she claimed, had contracted to purchase the same property from Wells long prior to plaintiff's purchase. Defendant alleged that Thomas told her to occupy the property; that he then went west, and that for a while he sent on money to his parents, which they gave to Wells on account of Thomas's purchase of the lot. It appeared that at the time of the trial, defendant had not heard from Thomas for some four years.

The court, RICE, P. J., charged the jury as follows:

Many of the questions in this case have arisen from the form of the proceedings which have been taken to recover the possession of the land in controversy, and I may be excused for going over very briefly what I understand to be the law with regard to this form of proceeding. The legislature in 1863, passed an act by which landlords were enabled to recover, summarily, the possession of premises which they had leased. There is no doubt of the validity of the law; and the right of the parties to have it enforced in the present case is not disputed, provided the facts bring them within it.

Under this act the plaintiff must show, in the first place, a lease of the premises to the tenant in possession against whom the suit is brought, or some other person under whom such tenant claims,—that is the first essential to jurisdiction under this act, second, that the term of the lease has expired; and third, that he has given three months' notice to quit, or that the lessee waived that, and accepted notice to quit at a specified time.

In the present case, the plaintiff shows, first, a lease by him to Owen Caffrey, the husband of this defendant; second, Owen Caffrey's death; and third, that letters of administration were granted to Mrs. Caffrey, the defendant, and that she continued in possession thereafter. If there were nothing further in the

case, this would be sufficient and conclusive evidence that she was the tenant in possession, under the lease to her husband; and the plaintiff, on proof that the term had expired and that the lessee had waived the statutory three months' notice, would be entitled to recover the possession of the land. But while the defendant was sued as the administratrix of Owen Caffrey, we think she might show that she was not there in possession as the administratrix—in other words, that she was not the plaintiff's tenant. She would not be estopped by the fact that she was sued as administratrix from showing that she was not, in fact, the tenant of the plaintiff. Hence, her defense may be of a two-fold character; it may be a defense as administratrix, or it may be a defense in her own right. If Owen Caffrey were alive and the defendant in the proceedings, he could not show that any other person had title to the premises than Dr. Diefenderfer, the plaintiff. Because, under the law, where a man becomes the lessee of another he thereby recognizes the title of him from whom he takes the lease, and he will not be heard in a court of law to dispute it. No matter if the landlord may not be the owner of the land, the tenant cannot be permitted to show that the landlord has not title; because he has acknowledged it by taking the lease from him.

[This raises the question whether the fact that Owen Caffrey took a lease from Dr. Diefenderfer, estops his widow, Honora Caffrey, from showing that the title was not in Dr. Diefenderfer, but was in some other person under whom she claims, or from showing that she went into possession under some other person who has a bona fide claim of title to the land. We think it does not. Nevertheless, owing to the relations which exist between husband and wife, and to the opportunities which there are for covering up, concealing, and protecting the husband's possession by an arrangement between them, the evidence which the wife sets up as against the husband's lease, ought to be clear and satisfactory. Now, must she show in the present case that Thomas Caffrey, the son, had title to the land? In other words, must she show such title in Thomas Caffrey as would entitle him to recover the possession of the land, or as would protect him in the possession of it, in an ordinary action of ejectment brought by Dr. Diefenderfer, or his predecessor in title, John C. Wells? If this measure of proof is required in the present case, then the defense has failed. Because, we

say to you, as matter of law, that the showing as to the title of Thomas Caffrey is not such as would entitle him to recover possession of the land as against Dr. Diefenderfer.

But the defendant claims that she is not required to show in this form of proceeding an actual, valid, and unimpeached title of another under whom she claims, but that it is sufficient if she shows that some other person had a bona fide claim of title of the premises, and that she went into possession under such other person. We are inclined now to think that is the correct view of the law. Because it is to be borne in mind that this proceeding is entirely statutory; the remedy is one which is given by the statute. It does not necessarily follow, however, that his title is not good in case he is not permitted to recover in the present action. If, therefore, the evidence should show, clearly and satisfactorily to you, that Thomas Caffrey had a bona fide claim of title to the land, and that Honora Caffrey went into possession of it under him, prior to the time when Owen Caffrey executed the lease from the plaintiff, and if you should find that she has not in any way recognized that lease, but has maintained her possession as a possession under Thomas Caffrey, then she would be entitled to a verdict.]

[In the first place, upon this view of the case, it is necessary for the defendant to show a bona fide claim in some third person. A mere trumped-up claim, a mere assertion of title, would not be enough, in view of the relation which existed between the husband and wife. In order to rebut the presumption—and there is such a presumption—that she went into possession under her husband and held under him, and that his possession was her possession, she must show that she held possession independently. If permission was given by Thomas Caffrey to him, and also to her as his wife, to go into possession, we do not think that would be enough. It must be a giving of possession to her, independently of her character as the wife of Owen Caffrey, and her possession must be so held down to the time of the commencement of the proceedings. This, as we believe, is the true view of the law as it should be administered by the justice of the peace before whom the proceedings are commenced. The reason for this view of it, is, as we think, that the legislature did not contemplate the trial of intermediate questions of title in this summary way. Is the case, then, different on a trial in court? Because the act of assembly pro-

vides that when the case comes into court upon appeal, it shall be considered as an action of ejectment. We do not think the rule is different here from what it would be before the magistrate. If this were an ordinary action of ejectment and were to be tried as such, then the plaintiff would be entitled to recover upon proof of his title, with proof of the tenancy of the defendant or of some person under whom defendant claims. This was certainly not contemplated by the act of assembly. In other words, when the case comes into court and is to be tried upon appeal, the plaintiff must show the same things he must show before the magistrate. He must show the lease of the premises to the defendant or the person under whom she claims, the expiration of the term, and the statutory notice, or a waiver thereof. And so the defendant may show anything in defense to the action which he or she made before the justice.]

In this case there is a question of fact to be decided by you with regard to the nature of the defendant's possession. We need hardly to say that it is to be decided in accordance with your convictions as to the truth in regard to it, after having fully weighed and considered all of the evidence in the case.

Now, the defendant, as we said, claims that she was there in the possession, not as the wife of Owen Caffrey under the lease of Dr. Diefenderfer, but that she was there by permission of her son, Thomas Caffrey, who, it is alleged, paid some money on the purchase of the lot from Mr. J. C. Wells, the owner, before Dr. Diefenderfer bought. Is that the fact? She testifies that she did not know of the lease until after her husband's death, and that she never recognized it in any way. On the part of the plaintiff, the testimony is that at one time he went there and that rent was paid to him in her presence, that she then stated to him that if her husband had not been a drinking man he would not be obliged to be paying rent. It is also testified that she then produced the copy of the lease and had the payment indorsed thereon. While the testimony with regard to this fact is in conflict, we say to you that if it be as stated by the plaintiff, it would be such a recognition of the lease and of the possession of Owen Caffrey under it, as, in our opinion, would be convincing evidence that she was not there claiming independently under some other title. The fact is to be decided by you. If you find she did know of the lease and recognized it in the way stated, such knowledge and recognition would be

convincing evidence that she was there under it, and not under her independent claim.

In case you find, as matter of fact, that she was not there under Thomas Caffrey, or that Thomas Caffrey had not a bona fide claim of title to the property, but that she was under her husband as the lessee of Dr. Diefenderfer, then your verdict should be in favor of the plaintiff for the land described in the record, together with the fair rental value of the premises from the time when the last instalment of rent was paid until the time possession was delivered to the plaintiff. Plaintiff states, through his counsel, that he waives any damages; that he asks simply a recovery for the land.

In case you find in favor of the defendant, you will find for her the land described, together with such damages as she has sustained by reason of her being removed from the premises. We think the proper measure of damages under such circumstances would be the fair rental value of the premises as they were at the time possession was taken by Dr. Diefenderfer. You are not, on the one hand, to take into account, as an offset to this, the improvements which plaintiff put upon the premises. On the other hand, you are not to give damages on the basis of the rental value as the premises are now improved. The fair rental value of the premises as they were at the time possession was delivered, would be, in our opinion, the measure of damages.

The jury returned a verdict in favor of the defendant and assessed her damages at $205, and judgment having been entered accordingly, plaintiff took this writ.

The assignments of error specified, in substance, the action of the court in admitting evidence on the part of the defendant to impeach the plaintiff's title to the land, and to show a claim of title in a third party and possession by defendant under such third party, and not under the lease from plaintiff; the portion of the charge inclosed in brackets; and the refusal of plaintiff's points, which were directed against the sufficiency and competency of the defense, and called for the direction of a verdict for plaintiff.

*Alexander Farnham* for plaintiff in error.

*Wm. S. McLean* and *John McGahren* for defendant in error.

PER CURIAM:

The judgment in this case is affirmed.